UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JEANNE NICKERSON,

                              Plaintiff,

v.                                                 Civil Action No. _____

NCO FINANCIAL SYSTEMS, INC.,

                              Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

3. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

4. Plaintiff Jeanne Nickerson is a natural person residing in the County of Orleans and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

5. Defendant NCO Financial Systems, Inc., (hereinafter "ERS") is a foreign business corporation organized and existing under the laws of the State of Pennsylvania and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

6. Defendant regularly attempts to collect debts alleged to be due another.

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. All references to "Defendant" herein shall mean the Defendant or an employee of the Defendant.

## IV. FACTUAL ALLEGATIONS

9. That Plaintiff incurred credit card obligations to Capital One and HSBC. These debts will be referred to as "the subject debt."

10. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

11. That Plaintiff thereafter defaulted on the subject debt.

12. That upon information and belief Defendant was employed by Capital One and HSBC to collect on the subject debt.

13. That in or about December of 2008, Defendant began calling Plaintiff multiple times per week, often multiple times per day, in an attempt to collect on the subject debt.

14. That in or about January of 2009, Defendant called Plaintiff's home on multiple occasions before 8:00am or after 9:00pm. Plaintiff informed Defendant that calling at these times was inconvenient to her, but Defendant continued to call at these hours.

15. That in or about January of 2009 Defendant called Plaintiff's home. Defendant spoke with Plaintiff's daughter-in-law. Defendant disclosed to Plaintiff's daughter-in-law that the Defendant was calling to collect on a debt that Plaintiff owed.

16. That in or about February of 2009, Defendant called Plaintiff and spoke with her at home. Defendant became aggressive and told Plaintiff that if she didn't pay they would put a freeze on her husbands bank account and that they could do this legally.

17. That on or about March 18, of 2009, Defendant called Plaintiff's son, who lives in Connecticut. Defendant disclosed to Plaintiff's son that Plaintiff owed a debt. Plaintiff's son asked if the debt would fall on him if it was not paid. Defendant said they could not discuss that but said that he was listed as the "secondary." Plaintiff never provided Defendant's telephone number, nor had she ever listed him as a "secondary."

18. That Plaintiff asked Defendant on multiple occasions to stop calling her. However, the Defendant refused to honor that request and continued to call Plaintiff.

19. That as a result of Defendant's acts Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. CAUSE OF ACTION

20. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 19 above.

21. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

    A. Defendant violated 15 U.S.C. §1692b(1), 15 U.S.C. §1692b(2), and 15 U.S.C. §1692c(b) by failing to limit their discussions with Plaintiff's son and daughter-in-law to obtaining location information, and by disclosing to them that Plaintiff owed a debt.

    B. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by repeatedly causing Plaintiff's telephone to ring with the intent to annoy, abuse or harass.

    C. Defendant violated 15 U.S.C. §1692c(a)(1) and 15 U.S.C. §1692d by calling Plaintiff prior 8:00 a.m. and after 9:00 p.m. eastern standard time, and by calling her at times they knew or should have known were inconvenient to her given the fact that she had asked them to stop calling her.

    D. Defendant violated 15 U.S.C. §1692e, and 15 U.S.C. §1692e(10) by using false and misleading representations when stating Plaintiff's son was a listed as a "secondary" on the debt.

    E. Defendant violated 15 U.S.C. §1692e, 15 U.S.C. §1692e(4), and 15 U.S.C. §1692e(5) by stating that if Plaintiff did not pay the debt, Defendant would freeze Plaintiff's husband's bank account.  This was an action that defendant could not do legally and had no intention of doing.

22. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against the Defendant for:

(a)  Actual damages;

(b)  Statutory damages pursuant to 15 U.S.C. § 1692k.

(c) Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

(d) For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: August 11, 2009

      /s/ Kenneth R. Hiller
Kenneth R. Hiller, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com

4